VEDDER PRICE P.C.
Laura Sack, Esq.
1633 Broadway, 47th Floor
New York, New York 10019
(212) 407-7700
*Attorneys for Defendant
Modell's II, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONIA TAYLOR-ANDERSON,<br><br>      **Plaintiff,**<br><br>v.<br><br>MODELL'S SPORTING GOODS,<br><br>      **Defendant.** | Case No. 10-cv-884 (DC)<br><br>ECF CASE<br><br><u>ANSWER</u> |

  Defendant Modell's II, Inc. ("Modell's" or "Defendant") (incorrectly sued herein as "Modell's Sporting Goods"), by and through its undersigned counsel, answers and responds to the Complaint filed by the plaintiff *pro se* Sonia Taylor-Anderson ("Anderson" or "Plaintiff"). Most of the factual assertions in support of the Complaint are presented in a two-page letter (the "Letter") which does not comply with the requirement that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Modell's responds to the allegations contained in the Complaint in the order in which they are presented therein. Each and every allegation of the Complaint not specifically admitted below is denied.

  1.  Modell's denies the allegations contained in page 1 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the statutes noted therein.

2. Modell's admits the allegations contained in the paragraph designated "I" on page 2 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's address and telephone number.

3. Modell's denies the allegations contained in the paragraph designated "II" on pages 2-3 of the Complaint, except admits that Plaintiff purports to complain in this action about the termination of her employment effective February 7, 2008, and except admits that Modell's records reflect that Plaintiff's date of birth is January 19, 1956.

4. Modell's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated "III" on pages 2 and 3 of the Complaint.

5. Modell's denies the allegations contained in the paragraph designated "IV" on page 4 of the Complaint, except admits that Plaintiff purports to seek the relief described therein, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's current employment status and receipt of unemployment benefits.

## ANSWER TO LETTER

### Paragraph 1

6. Modell's denies knowledge or information sufficient to form a belief as to whether Plaintiff has an attorney.

7. The remaining assertions in the first paragraph of the Letter require no response. To the extent, however, that the first paragraph of the Letter contains any additional factual assertions, Modell's denies them.

**Paragraph 2**

8. Modell's admits that Plaintiff was hired by Modell's on December 3, 1992.

9. Modell's admits that Plaintiff's employment as Bookkeeper was terminated on February 7, 2008.

10. Modell's admits that, on February 7, 2008, Plaintiff met with Mr. Chris Soriano ("Soriano").

11. Modell's denies the remaining allegations in the second paragraph of the Letter.

**Paragraph 3**

12. Modell's admits that Ms. Elizabeth Williams, Modell's Assistant Manager ("Williams"), was present with Plaintiff and Soriano during the February 7, 2008 meeting.

13. Modell's admits that the discussion between Soriano, Williams and Plaintiff on February 7, 2008 was taped.

14. Modell's admits that Soriano directed Plaintiff to gather her belongings and leave Modell's premises.

15. Modell's denies the remaining allegations in the third paragraph of the Letter.

### Paragraph 4

16. Modell's admits that, on several occasions, Plaintiff received positive reviews of her work performance.

17. Modell's admits that Plaintiff began her employment with Modell's in 1992 as a cashier and was a Bookkeeper at the time of her termination in 2008.

18. Modell's denies the remaining allegations in the fourth paragraph of the Letter.

### Paragraph 5

19. Modell's denies that Plaintiff is entitled to the relief she seeks as articulated in the fifth paragraph of the Letter.

20. Modell's denies knowledge or information sufficient to form a belief as to the truth of the remaining representations in the fifth paragraph of the Letter.

### Paragraph 6

21. Modell's denies knowledge or information sufficient to form a belief as to whether Plaintiff has an attorney.

22. The remaining assertions in the sixth paragraph of the Letter require no response. To the extent, however, that the sixth paragraph of the Letter contains any additional factual assertions, Modell's denies them.

### Paragraph 7

23. Modell's denies the allegations in the seventh paragraph of the Letter. Specifically, Modell's denies that Plaintiff's age played any role whatsoever in the termination of her employment.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Modell's actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause unrelated to Plaintiff's age.

### THIRD AFFIRMATIVE DEFENSE

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Modell's expressly denies, Modell's would have taken the same action for non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Modell's had established and complied with policies and procedures for the detection, prevention, and remediation of unlawful employment practices.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to avail herself of Modell's internal grievance policy with respect to claims of discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff are the result of her own culpable conduct. Accordingly, Plaintiff is not entitled to recover any damages from Modell's. Alternatively, Plaintiff's recovery must be reduced in proportion to her own share of contributory fault for the damages she claims to have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Modell's expressly denies, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Modell's conduct was not motivated by evil motive or intent nor was Modell's conduct in reckless indifference to Plaintiff's legally protected rights, nor did Modell's alleged conduct rise to the required level of culpability to justify an award of punitive damages. To the extent that any of Modell's agents acted with such evil motive or intent, or reckless indifference to Plaintiff's legally protected rights, which Modell's expressly denies, such actions were contrary to Modell's good faith efforts to enforce its antidiscrimination policy.

## NINTH AFFIRMATIVE DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in party, by such additional defenses as Modell's may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet commenced. Accordingly, Modell's reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

NEWYORK/#230201.1

WHEREFORE, Defendant Modell's Sporting Goods respectfully requests that the Complaint be dismissed with prejudice and that Modell's be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: April 21, 2010

VEDDER PRICE P.C.

By: *Laura Sack*
Laura Sack (LS 5501)

1633 Broadway, 47th Floor
New York, New York 10019-6771
(212) 407-7700

Attorneys for Defendant
*Modell's II, Inc.*